FILED
JANUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>PLYMOUTH CONCRETE, INC., a Michigan corporation,<br><br>Defendant. | JUDGE KENDALL<br>MAGISTRATE JUDGE MASON<br><br>08 C 329 |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, and bring this Complaint against Defendant Plymouth Concrete, Inc., a Michigan corporation, alleging as follows:

### JURISDICTION AND VENUE

1.  This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") by Defendant Plymouth Concrete, Inc., a Michigan corporation ("Plymouth").

2.  This Court has jurisdiction over this action pursuant to §§502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§1132(e)(1) and 1132(f).

3.  Venue properly lies in this Court pursuant to the venue selection clause of the Pension Fund Trust Agreement ("Trust Agreement")–which designates this forum as the location for suits to collect delinquent fringe benefit contributions–and §502(e)(2) of

F: 249879 / 08111213

-1-

ERISA, 29 U.S.C. §1132(e)(2), because the Pension Fund is administered in, and maintains its principal place of business in, Rosemont, Cook County, Illinois.

## PARTIES AND RELATIONSHIP

4.  The Pension Fund is an employee benefit plan and trust, with its principal and exclusive administrative offices located at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5.  The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

6.  All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

7.  Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA, and brings this action in his capacity as a Trustee and fiduciary.

8.  Plymouth is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(C).

9.  Local Union No. 247 ("Local 247") of the IBT is a labor organization which at all times since at least June 3, 2002 has represented, for the purposes of collective bargaining, certain employees of Plymouth, and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

10. Plymouth entered into a collective bargaining agreement with Local 247 covering the period of June 3, 2002 through June 3, 2007 (and from year-to-year thereafter absent written notice of termination), pursuant to which Plymouth agreed to pay contributions to the Pension Fund on behalf of covered employees.

11. Plymouth also entered into a Participation Agreement with Local 247 that requires Plymouth to pay contributions to the Pension Fund.

12. Plymouth agreed to be bound by the Trust Agreement, which requires Plymouth to "make continuing and prompt payments to the [Pension Fund] as required by the applicable collective bargaining agreement."

13. The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

14. The self-reporting system requires participating employers like Plymouth to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

15. During the period of August, 2007 through November, 2007, Plymouth reported the work history of its employees to the Pension Fund.

16. The Trust Agreement provides, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, or withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the

Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

17. ERISA §515, 29 U.S.C. §1145, provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18. ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

   (2)   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

      (A)   the unpaid contributions,

      (B)   interest on the unpaid contributions,

      (C)   an amount equal to the greater of --

         (i)   interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

### STATUTORY AND CONTRACTUAL VIOLATIONS

19. Plymouth breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Pension Fund's Trust Agreement by failing to pay all of the contributions (and interest due thereon) that the employee work history it reported to the Pension Fund revealed to be owed for the period of August, 2007 through November, 2007.

20. Despite demands that Plymouth perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Plymouth has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 19.

21. Plymouth owes to the Pension Fund in excess of $22,936.24 for unpaid contributions and interest through January 10, 2008 as a result of the conduct set forth in paragraph 19.

22. Consequently, the Pension Fund is entitled to a judgment for all contributions that are owed as of the date of the judgment, plus the greater of double interest or single

interest plus liquidated damages, and an award of attorneys' fees and costs incurred in connection with this lawsuit.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, request the following relief against Defendant Plymouth Concrete, Inc., a Michigan corporation:

(a)     A judgment against Defendant in favor of Plaintiffs for all contributions that are owed as of the date of the judgment based upon employee work history reported by Defendant, plus the greater of double interest or single interest plus liquidated damages, and all attorneys' fees and costs incurred by Plaintiffs in connection with this action;

(b)     Post-judgment interest at an annualized interest rate equal to two percent plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

(c)     That this Court retain jurisdiction of the cause pending compliance with its orders; and

(d)     Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*Edward H. Bogle* (signature)

Edward H. Bogle   (ARDC No. 6277152)
Attorney for Plaintiffs
Central States Funds Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3469
ebogle@centralstatesfunds.org

January 15, 2008