IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, Trustee,<br><br>    Plaintiffs,<br><br>  v.<br><br>PLYMOUTH CONCRETE, INC., a Michigan corporation,<br><br>    Defendant. | Case No. 08 C 329<br><br>District Judge Kendall |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, Trustee, by their attorneys, and move pursuant to Fed. R. Civ. P. 55 for entry of a default judgment against Defendant Plymouth Concrete, Inc., a Michigan corporation ("Plymouth"). In support, Plaintiffs submit the Affidavit of Jo Evelyn George Roberson (attached hereto as Exhibit B), the Affidavit of Edward H. Bogle (attached hereto as Exhibit C), and state as follows:

  1.  On January 15, 2008, Plaintiffs filed their complaint in this matter to collect delinquent fringe benefit contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. Pursuant to Fed. R. Civ. P. 4(h), Plymouth was personally served with summons and complaint on February 16, 2008 through Pier M. Bernardi, its registered agent. A copy of the return of service is attached hereto as Exhibit A.

  2.  Consequently, under Fed. R. Civ. P. 12(a)(1)(A), Plymouth was required to file an answer or responsive pleading to Plaintiffs' complaint on or before March 7, 2008.

Plymouth has failed to file any answer or responsive pleading and therefore stands in default under Fed. R. Civ. P. 55(a).

3.　The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund, and paying the Pension Fund's administrative expenses. *See*, Exhibit B, ¶¶6-8.

4.　Plymouth is an employer bound by the provisions of collective bargaining agreements executed between itself and Local Union No. 247 ("Local 247") of the IBT. Pursuant to the collective bargaining agreements, Plymouth agreed to pay contributions to the Pension Fund on behalf of certain covered employees. Plymouth also entered into a Participation Agreement with Local 247 that requires payment of contributions to the Funds. Finally, Plymouth agreed to be bound by the Pension Fund's Trust Agreement. *See*, Exhibit B, ¶¶12-14.

5.　The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees. *See*, Exhibit B, ¶¶16-19.

6.　Plymouth has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Pension Fund's Trust Agreement by failing to pay all of the contributions (and interest due thereon) that the employee work

history it reported revealed to be owed to the Pension Fund for the period of August, 2007 through November, 2007. *See*, Exhibit B, ¶¶20-21.

7. As a result of its conduct, through March 15, 2008, Plymouth owes the Pension Fund $22,508.00 for unpaid contributions. Interest in the amount of $775.64 is also due on that principal amount. *See*, Exhibit B, ¶¶22-24.

8. Pursuant to the provisions of the Pension Fund's Trust Agreement and 29 U.S.C. §1132(g)(2), Plymouth is required to pay the greater of either doubled interest or single interest plus liquidated damages on all delinquent contributions. The total liquidated damages owed to the Pension Fund–based upon contributions owed by Plymouth upon filing of this action or which became delinquent while this action has been pending–is therefore $4,501.60. *See*, Exhibit B, ¶¶25-26.

9. Pursuant to the provisions of the Trust Agreement and ERISA, Plymouth is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees accrued in this case total $1,788.00 and costs total $491.00. The total of Plaintiffs' fees and costs is therefore $2,279.00. *See*, Exhibit C, ¶¶11-13.

10. Finally, the Trust Agreements provide that interest on a judgment entered in favor of the Funds will accrue at a floating rate equal to the Chase Manhattan Bank prime rate plus 2%, adjusted monthly and compounded annually. *See*, Exhibit B, ¶28.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief in their favor and against Defendant Plymouth Concrete, Inc., a Michigan corporation:

(a) A judgment against Defendant in favor of Plaintiffs in the total amount of $30,064.24, expressed as follows:

|  |  |
|---|---|
| Contributions: | $ 22,508.00 |
| Interest through 3/15/08: | $      775.64 |
| Liquidated damages: | $   4,501.60 |
| Attorneys' fees: | $   1,788.00 |
| Court costs: | $      491.00 |
| TOTAL: | $ 30,064.24 |

(b)   Post-judgment interest at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the 15th day of the month for which interest is charged, adjusted monthly and compounded annually;

(c)   That this Court retain jurisdiction of the cause pending compliance with its judgment order; and

(d)   All other just and appropriate relief.

Respectfully submitted,

*/s/ Edward H. Bogle*

Edward H. Bogle  (ARDC No. 6277152)
Attorney for Plaintiffs
Central States Funds Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3469
ebogle@centralstatesfunds.org

March 10, 2008

F: 255361 / 08111213                                             -4-

## CERTIFICATE OF SERVICE

I, Edward H. Bogle, attorney for Plaintiffs, certify that on March 10, 2008, I caused the foregoing Plaintiffs' Motion for Default Judgment (with Exhibits A, B, and C) to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For all other parties, who are listed below, I served the foregoing by UPS Next Day Air to:

Plymouth Concrete, Inc.
600 Junction
Plymouth, Michigan 48170

    and

Plymouth Concrete, Inc.
c/o Pier M. Bernardi – Registered Agent
8118 Hammel Road
Brighton, Michigan 48116

*Edward H. Bogle*

Edward H. Bogle
Attorney for Plaintiffs