# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, Trustee, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 08 C 329 |
| v. | ) |
| | ) District Judge Kendall |
| PLYMOUTH CONCRETE, INC., a Michigan corporation, | ) ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF JO EVELYN GEORGE-ROBERSON

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS: |
| COUNTY OF COOK | ) | |

I, Jo Evelyn George-Roberson, having been fully sworn upon my oath, depose and state as follows:

1.    I am an adult and am otherwise competent to give evidence.

2.    If called to give evidence, I would testify consistent with this Affidavit.

3.    I have personal knowledge with respect to the matters set forth in this Affidavit.

4.    I am employed by Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") as the Department Manager of Collections.

5.    On the date this action was filed and to the present date, Howard McDougall was and is one of the Trustees and a fiduciary of the Pension Fund.

6.    The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices in Rosemont, Illinois.

-1-

7.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

8.     All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

9.     I am responsible for managing the efforts to collect past due contributions owed to the Pension Fund, including past due contributions owed by Plymouth Concrete, Inc., a Michigan corporation ("Plymouth").

10.     Pursuant to these duties, I have maintained a file related to the contributions owed by Plymouth as well as my staff's conversations with Plymouth concerning outstanding contributions.

11.     The file is under my dominion and control.

12.     The Pension Fund's records show that Plymouth is bound by a collective bargaining agreement entered into with Local Union No. 247 ("Local 247") affiliated with the IBT which requires Plymouth to timely pay contributions to the Pension Fund.

13.     Defendant also entered into a Participation Agreement with Local 247 that requires Defendant to pay contributions to the Pension Fund.

14.     Defendant also agreed to be bound by the Pension Fund's Trust Agreement.

15.     The Trust Agreement requires Plymouth to "make continuing and prompt payments . . . as required by the applicable collective bargaining agreement."

16.    The Pension Fund relies upon employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

17.    Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due.

18.    Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement.

19.    The Pension Fund relies upon these reports submitted by employers to prepare a monthly contribution bill that is sent to the employers, and contributions for each calendar month are due 15 days after the end of the month.

20.    During the period of August, 2007 through November, 2007, Plymouth reported the work history of its employees to the Pension Fund.

21.    Plymouth has not paid all of its contributions owed to the Pension Fund for the period of time enumerated in paragraph 20.

22.    Plymouth owes to the Pension Fund $22,508.00 for unpaid contributions for the period of August, 2007 through November, 2007.

23.    Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

24.    Interest due to the Pension Fund through March 15, 2008 is calculated at $775.64.

25.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of 20% of the entire outstanding balance.

26.     Liquidated damages due to the Pension Fund are therefore calculated at $4,501.60.

27.     As a result of Plymouth's failure to pay all of the contributions that it owes to the Pension Fund, I have calculated Plymouth's indebtedness for past due contributions to be as follows:

| | |
|---|---|
| Contributions: | $ 22,508.00 |
| Interest through 3/1/08: | $    775.64 |
| Liquidated damages: | $   4,501.60 |
| TOTAL: | $ 27,785.24 |

28.     Finally, the Trust Agreement provides that interest on a judgment entered in favor of the Pension Fund will accrue at a floating rate equal to the Chase Manhattan Bank prime rate plus 2%, adjusted monthly and compounded annually.

**FURTHER AFFIANT SAYETH NAUGHT.**

Jo Evelyn George-Roberson

Subscribed and sworn to before me, a Notary Public, this _10th_ day of _March_, 2008.

Notary Public

Official Seal
Kari Schofield
Notary Public State of Illinois
My Commission Expires 10/09/2011