IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>PLYMOUTH CONCRETE, INC., a Michigan corporation,<br><br>Defendant. | Case No. 08 C 329<br><br>District Judge Kendall |

## JUDGMENT ORDER

**THIS MATTER** coming to be heard on a motion for default judgment filed by Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee; Defendant Plymouth Concrete, Inc., a Michigan corporation, having been duly served with process and notice, and having failed to timely answer, plead or appear; the Court having reviewed Plaintiffs' motion and supporting affidavits, finding them to be adequate, and having been fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

A.   Pursuant to Fed. R. Civ. P. 55 and 29 U.S.C. §1132(g)(2), Plaintiffs have and recover judgment from and against Defendant in the total amount of $30,054.38. This amount consists of the following: $22,508.00 in unpaid contributions; $765.78 in interest (through March 13, 2008); $4,501.60 in liquidated damages; $1,788.00 in attorneys' fees; and $491.00 in costs.

B.   Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to 2% plus the prime interest rate established by the

Chase Manhattan Bank (New York, New York) for the 15th day of the month for which interest is charged, and shall be compounded annually.

C. Specifically excluded from this judgment and not barred under claim preclusion are: (1) any obligation of Defendant to pay contributions (or interest thereon) to Plaintiffs for periods other than the period of August 2007 through November 2007, based upon the employee work history reported by Defendant for said months; (2) any claim for contributions (or interest thereon) for any period of time, including the above-enumerated periods of time, on behalf of employees whose work history was not reported or was inaccurately reported to Plaintiffs; (3) any obligation to pay withdrawal liability (as defined by 29 U.S.C. §1381, *et seq.*) that is due or may become due in the future to Plaintiffs; and (4) any obligation to pay additional contributions for any period of time as a result of the execution by Defendants or the acceptance by Plaintiffs of any agreement which retroactively increases contribution rates billed by Plaintiffs.

E. The Court shall retain jurisdiction over the cause for the purpose of enforcing this Order.

ENTER: _____
Virginia M. Kendall
United States District Judge

Dated:   March 13, 2008